UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ROGER MOORE THOMAS,                        :

                    Petitioner,        :

      -against-                              :        **MEMORANDUM AND ORDER**

JOHN COLVIN, et al.,                             :        15-CV-948 (ER) (KNF)

                  Respondents.    :
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

*Motion To File Documents Under Seal*

      Before the Court is the respondents' motion "for an order placing under seal: (1) the attachments to the federal habeas petition previously filed in this case; and (2) the State Court Record and state-court transcripts to be filed in this case by respondents via ECF on June 18, 2015." The respondents' attorney, an assistant Attorney General, Paul B. Lyons ("Lyons"), submitted a declaration in support of the motion. He asserts that the instant petition "arises from petitioner's conviction on October 2, 2009, in New York County Supreme Court, following a jury trial, of Attempted Rape in the First Degree and Assault in the Second Degree." Lyons asserts that, under New York Civil Rights Law ("CRL") § 50-b, "the 'identity of any victim of a sex offense . . . shall be confidential,' and as such, '[n]o report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection.'" Lyons contends:

> Respondents will protect the identity of the victim of sexual abuse and her daughter in this case through the use of initials in our memorandum of law and answer opposing the petition. However, these names appear throughout the State Court Record, including the briefs and exhibits submitted in state court, as well as the relevant transcripts of proceedings. As such, redaction of these names is not a viable

possibility. . . . In addition, the attachments to the habeas petition repeatedly refer to the victim's name.

*Legal Standard*

In this court, all motions must include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Local Civil Rule 7.1(a)(2). No such memorandum of law was included in the instant motion. Lyons's declaration includes, improperly, arguments and a quotation from CLR § 50-b, as the basis for the respondents' request to file documents under seal. Notwithstanding the deficiencies noted above, the Court will consider the declaration.

In cases presenting federal questions, confidentiality is "governed by federal law, not state law." Ligon v. City of New York, No. 12 Civ. 2274, 2012 WL 2125989, at *1 (S.D.N.Y. June 12, 2012). "The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch III, v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). Once a court has determined that "a document is a judicial document, and therefore one presumed to be publicly accessible," it must determine the weight of that presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Erie County, 763 F.3d 235, 239 (2d Cir. 2014) (citation omitted). After determining the weight of the presumption, "the court must balance competing considerations against disclosure. Only when competing interests outweigh the presumption may access be denied." Id. (brackets and citation omitted).

Additionally, the First Amendment to the United States Constitution "also protects the public's right to have access to judicial documents." Id. The Second Circuit Court of Appeals has

> articulated two different approaches for determining whether the public and the press should receive First Amendment protection in their attempts to access certain judicial documents. The so-called "experience and logic" approach requires the court to consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question. . . . The second approach considers the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings.

Lugosch III, 435 F.3d at 120 (quotation marks, brackets and citations omitted).

"Once a First Amendment right of access to judicial documents is found, the documents may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Erie County, 763 F.3d at 239 (quotation marks, brackets and citation omitted).

*Application of Legal Standard*

The documents the respondents requested to file under seal are judicial documents consisting of the state-court-legal memoranda and transcripts of proceedings. The weight of the presumption of public access, to which the state-court record in this action is entitled, is significant because it is integral to adjudicating the petitioner's challenge to the constitutionality of the state-court proceedings. Apart from the conclusory statement that the state-court record should be sealed because redacting the names "of the victim of sexual abuse and her daughter . . . is not a viable possibility," the respondents do not provide any basis for filing the state-court documents under seal. Moreover, the respondents do not explain or provide any detail respecting why redacting the names in the state-court record "is not a viable possibility." For

3

example, the respondents do not provide an estimate of the number of pages on which the information sought to be protected appears in the state-court documents sought to be filed under seal, or the total number of pages that would need to be reviewed to obtain such information, or the estimated amount of time required to conduct such a review and the redactions.

CRL § 50-b, on which the respondents rely, protects only victims of sex offenses. The respondents do not contend that the daughter "of the victim of sexual abuse" is also a "victim of sexual abuse" and they do not assert any other basis warranting the sealing of the documents to protect the identity of the daughter "of the victim of sexual abuse." Thus, the respondents failed to establish that sealing any document is necessary to protect the identity of the daughter of the victim of a sex offense in this case.

The respondents do not contend that the state-court memoranda and transcripts of the proceedings were filed under seal or redacted in the state court to protect the identity of the "victim of sexual abuse." The respondents failed to rebut the presumption of public access to the documents requested to be filed under seal because the state-court documents, including the respondents' brief, lost any confidentiality when they were filed in the state court, unredacted, revealing the identity of the victim of a sex offense. Moreover, "the attachments to the petition" to which the respondents refer consist of the parties' briefs in the state court, which were neither filed under seal nor redacted, and both reveal the identity of the victim of a sex offense. The instant habeas corpus petition, containing the identity of the victim of a sex offense, was filed on September 12, 2014, and that document has been publicly accessible for at least the eight months immediately preceding the date on which the respondents filed the instant motion.

Other than relying on CRL § 50-b for the proposition that the identity of the victim of a sex offense should be protected by filing documents under seal in this action, the respondents did

not assert any other interest whose weight may compete with the weight of the presumption given to the public's right of access to judicial documents. State-court records in federal habeas corpus proceedings have been open to the public historically, and without them, "the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." Lugosch III, 435 F.3d at 119 (citation omitted). The Court finds that, in the circumstance of this case, the respondents failed to show "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. at 120. Accordingly, the respondents did not satisfy their burden under the standards governing both, the common law and the First Amendment right of public access to judicial documents.

**Conclusion**

For the foregoing reasons, the respondent's motion, Docket Entry No. 13, is denied.

Dated: New York, New York
July 13, 2015

Copy mailed to:

Roger Moore Thomas

SO ORDERED:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE